T.C. Memo. 2000-2


UNITED STATES TAX COURT


ERNEST A. AND BERNIECE C. HUNTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17909-98.                    Filed January 5, 2000.


Ernest A. and Berniece C. Hunter, pro se.

<u>Shawna Early</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioners' 1997 Federal income tax in the amount of $360.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issue is whether petitioners are entitled to deduct $3,700 for expenses incurred by petitioner Ernest A. Hunter (petitioner) in going to the New York City Municipal Reference and Research Center and The New York Public Library.

Petitioners resided in New York, New York, at the time the petition was filed.

The facts may be summarized as follows. During 1997, the year before the Court, petitioner was not an employee and was not engaged in any trade or business. Petitioner testified that his wife "contributes" $100 every 2 weeks for his "library attendance". Petitioners deducted $3,700 on their 1997 tax return,[1] which represents the cost of petitioner's transportation to and from the libraries and his meals. As far as we can determine, since at least 1980 to 1997, petitioner has had an ongoing employment or wrongful discharge dispute with the State of New York. The following excerpt from the transcript explains petitioner's position:

> THE COURT: But you are not engaged in a trade or business, are you?
>
> THE WITNESS: * * * I am not. But what happens is in the civil service law, in order to get paid, you have to maintain a posture of ready, willing and able to be restored from the preferred list, or whatever. And what happens is that has been my method or means of keeping myself ready, willing and able to be employed.
>
>    *    *    *    *    *    *    *
>
> I am not receiving a penny [of income]. See, what happens is, when the State of New York refused to restore me from the preferred list, they refused to provide me with any interpretation of whatever it was that they -- reasons they

---

[1] The record does not explain the difference between $100 every 2 weeks ($2,400) and the $3,700 deduction petitioners claimed on their return.

used for doing so, so I might confront it. * * * Therefore, my pay is still going on as a technical matter.

THE COURT:  I am not sure that the State of New York would agree with you.

THE WITNESS:  They certainly haven't.

As the Supreme Court has noted, "the 'familiar rule' [is] that 'an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer.'"  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Section 162(a) allows deductions for "ordinary and necessary expenses * * * in carrying on any trade or business."  An employee is in a trade or business of being an employee.  See Fogg v. Commissioner, 89 T.C. 310 (1987).  Section 212(a) further allows deductions for "ordinary and necessary expenses * * * for the production or collection of income [or] for the management, conservation, or maintenance of property held for the production of income".

The expenses claimed do not fall within either section 162(a) or section 212(a).  Even if we consider these expenses to be bona fide educational expenses, petitioner admittedly was not engaged in a trade or business or other income-producing activity during the time that the expenses were incurred or paid.  See Reisinger v. Commissioner, 71 T.C. 568, 572 (1979) ("Mere membership in good standing in a profession does not constitute

carrying on a trade or business."). Respondent's determination is sustained.

Decision will be entered

for respondent.